IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARVIN BURTON, § 
 § 
Defendant Below, § No. 244, 2023
Appellant, § 
 § Court Below—Superior Court
v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. ID No. 0410003743 (S)
 § 
Appellee. § 

Submitted: August 4, 2023
Decided: September 7, 2023

## ORDER

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Marvin Burton, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Burton's opening brief that his appeal is without merit. We agree and affirm.

(2)    In August 2005, a Superior Court jury found Burton guilty of first-degree rape, second-degree rape, and second-degree unlawful sexual contact. After granting the State's motion to declare Burton a habitual offender under 11 *Del. C.* §

4214, the Superior Court sentenced Burton to two sentences of life imprisonment plus two years. We affirmed Burton's convictions on direct appeal.[1] After remands and evidentiary hearings, we affirmed the denial of Burton's first and second motions for postconviction relief under Superior Court Criminal Rule 61.[2]

(3) On June 5, 2023, Burton filed a motion for correction of illegal sentence. He argued that his habitual offender sentence was illegal because the State's submission of two habitual offender motions violated Double Jeopardy and there was no signed and dated order declaring him a habitual offender. The Superior Court denied the motion, finding that Burton was appropriately declared a habitual offender and that the sentence imposed was reasonable in light of the serious nature of the offenses. This appeal followed.

(4) We review the denial of a motion for sentence correction for abuse of discretion.[3] We review questions of law *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates Double Jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required

---

[1] *Burton v. State*, 2006 WL 2434914 (Del. Aug. 21, 2007).

[2] *Burton v. State*, 2016 WL 3568189, at *4 (Del. June 22, 2016) (affirming the Superior Court's denial of Burton's second motion for postconviction relief); *Burton v. State*, 2011 WL 4342636, at *2-3 (Del. Sept. 15, 2011) (affirming the Superior Court's denial of Burton's first motion for postconviction relief).

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[4] *Id.*

to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)   In his opening brief, Burton argues that the Superior Court erred in failing to address his arguments and denying his motion for correction of illegal sentence.  The Superior Court did not err in denying his motion.  As the State points out in its motion to affirm, Burton is challenging the manner in which his sentence was imposed.[6]  A motion for correction of a sentence imposed in an illegal manner must be filed "within 90 days after the sentence is imposed."[7]  Burton did not file his motion until more than fifteen years after his sentence was imposed.

(6)   In any event, the record refutes Burton's claims.  On March 10, 2005, the State sent a letter to Burton's counsel enclosing a draft motion to declare Burton a habitual offender under Sections 4214(a) and (b).[8]  The State copied the

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] *See, e.g., Johnson v. State*, 2022 WL 121315, at *1 (Del. Jan. 12, 2022) (describing motion that alleged sentencing court failed to give the defendant an opportunity to challenge the habitual offender petition until the sentencing hearing as a motion for correction of a sentence imposed in an illegal manner).

[7] Super. Ct. Crim. R. 35(a), (b).

[8] At the time of Burton's crimes, Section 4214(a) provided that "[a]ny person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State…and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted."  Section 4214(b) provided that "[a]ny person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State…and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the

Prothonotary's Office. The Superior Court took no action on the letter or draft motion.

(7) On September 2, 2005, after the jury had convicted Burton, the State filed a motion to declare Burton a habitual offender under Sections 4214(a) and (b). At the sentencing hearing on October 28, 2005, Burton's counsel stated that he had no basis for objecting to the motion because Burton had the requisite felony convictions.[9] The Superior Court granted the State's motion to declare Burton a habitual offender. The Superior Court then sentenced Burton as a habitual offender to life imprisonment for each of the rape convictions under Section 4214(b) and two years of Level V incarceration for second-degree unlawful sexual contact under Section 4214(a). The sentencing order approved by the judge includes language declaring Burton a habitual offender and sentencing him as a habitual offender.

(8) Contrary to Burton's contentions, there was no violation of Section 4215(b), which required the State to file a motion to declare Burton a habitual offender before sentencing and the Superior Court to grant the order before imposing a habitual offender sentence. Nor was there any Double Jeopardy violation in the State's filing of a draft habitual offender petition that the Superior Court did not act

___

subsequent felony conviction requires or allows and results in the imposition of capital punishment." The felonies identified by Section 4214(b) included first-degree rape and second-degree rape.

[9] The habitual offender motion listed the predicate convictions as third-degree burglary in 1987, third-degree unlawful sexual intercourse in 1995, and third degree-unlawful sexual intercourse in 1998.

4

upon and the State's filing of a final habitual offender petition that the Superior Court granted before sentencing Burton. Burton's sentence is not illegal.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice